UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 20 P 12:06
U.S. DISTRICT COURT
DISTRICT OF MASS.

---

REVEREND ZACHARIAH TRINGALI,
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS;

MARIAN RYAN, in her individual and official capacities, District Attorney for Middlesex County;

ANDREA CAMPBELL, in her individual and official capacities, Attorney General of the Commonwealth of Massachusetts;

GEOFFREY D. NOBLE, in his individual and official capacities, Colonel-Superintendent of the Massachusetts State Police;

MASSACHUSETTS STATE POLICE CYBER CRIME UNIT;

MASSACHUSETTS STATE POLICE, and responsible supervisory officials;

MASSACHUSETTS DEPARTMENT OF CONSERVATION AND RECREATION;

DIRECTOR OF THE MASSACHUSETTS DEPARTMENT OF CONSERVATION AND RECREATION;

JOHN/JANE DOE, Supervisor or Manager responsible for Alewife Brook Reservation/Alewife Woods, Cambridge, Massachusetts;

JOHN/JANE DOES 1–25, state employees, law-enforcement personnel, investigators, information-technology personnel, prosecutors, contractors, agents, or other persons whose identities are presently unknown;

Defendants.

---

Civil Action No. ___________

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

JURY DEMAND

---

## I. NATURE OF THE ACTION

1. Plaintiff Reverend Zachariah Tringali brings this civil-rights action arising from an alleged unauthorized compromise, intrusion, takeover, interference with, or unlawful access to Plaintiff's electronic accounts, communications, files, devices, credentials, and/or electronically stored information.
2. Plaintiff alleges that the compromise of his electronic environment caused or threatened the loss, alteration, disclosure, interception, destruction, or unauthorized use of information belonging to Plaintiff and/or his ministry, including information associated with House of Mercy Ministries and Plaintiff's civil-rights, religious, outreach, educational, and litigation activities.
3. Plaintiff further alleges that governmental actors, including personnel associated with the Middlesex District Attorney's Office, Massachusetts State Police, Massachusetts State Police Cyber Crime Unit, Office of the Attorney General, Department of Conservation and Recreation, and/or other Commonwealth agencies, subsequently became aware of the alleged compromise or received information concerning it.
4. The gravamen of this action is not merely that a computer account was compromised.
5. The constitutional injury alleged herein arises from the combination of:
   a. unauthorized access, acquisition, interception, examination, use, alteration, or dissemination of Plaintiff's protected electronic information;
   b. governmental acquisition, possession, use, or dissemination of information obtained through the compromised electronic environment;
   c. failure to preserve and protect evidence concerning the incident;
   d. failure to conduct a constitutionally adequate investigation after receiving notice of the alleged intrusion;
   e. retaliatory or discriminatory treatment of Plaintiff after he exercised constitutional rights;
   f. interference with Plaintiff's speech, religious activity, association, petitioning activity, litigation, and civil-rights advocacy;
   g. unreasonable governmental intrusion into Plaintiff's private electronic affairs;
   h. deprivation of property and/or protected interests without constitutionally adequate process; and
   i. coordinated or concerted conduct, to the extent discovery establishes an agreement or common plan among governmental actors.
6. Plaintiff seeks declaratory relief, injunctive relief, preservation of evidence, forensic examination where appropriate, compensatory damages, nominal damages, punitive damages against individual defendants where legally available, costs, and such additional relief as the Court determines just and proper.

## II. JURISDICTION

7. This Court has federal-question jurisdiction under 28 U.S.C. § 1331.
8. This Court has civil-rights jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks redress for constitutional rights secured by the Constitution and federal law.
9. Plaintiff brings claims pursuant to 42 U.S.C. § 1983.

10. Plaintiff also pleads additional federal statutory claims to the extent discovery establishes their elements, including claims arising under federal computer-access, electronic-communications, privacy, and civil-rights statutes.
11. Supplemental jurisdiction exists under 28 U.S.C. § 1367 over related state-law claims arising from the same nucleus of operative fact.
12. The federal claims predominate because the principal injuries concern constitutional rights and alleged conduct undertaken under color of state law.

## III. VENUE

13. Venue is proper under 28 U.S.C. § 1391 because substantial events and omissions giving rise to the claims occurred within the Commonwealth of Massachusetts and within the District of Massachusetts.
14. Plaintiff's electronic, religious, educational, advocacy, and litigation activities affected by the alleged compromise occurred in Massachusetts, including Cambridge and the surrounding Middlesex County area.
15. Alewife Brook Reservation is located in Cambridge, Massachusetts. The Massachusetts Department of Conservation and Recreation identifies the Alewife Brook Reservation at Alewife Station Access Road, Cambridge, Massachusetts.

## IV. PARTIES

16. Plaintiff Reverend Zachariah Tringali is an adult resident and/or user of services and public facilities within Massachusetts and conducts religious, outreach, civil-rights, educational, and advocacy activities.
17. Plaintiff is associated with House of Mercy Ministries and conducts outreach involving unhoused persons, vulnerable persons, at-risk youth, and other members of the community.
18. Defendant Commonwealth of Massachusetts is named to the extent permitted by applicable law for claims and remedies for which the Commonwealth is not immune.
19. Defendant Marian Ryan is the District Attorney for Middlesex County. She is sued in her individual capacity to the extent she personally participated in actionable conduct outside protected prosecutorial functions and in her official capacity for prospective relief to the extent legally available. The Middlesex District Attorney's Office identifies Marian Ryan as the current Middlesex District Attorney.
20. Defendant Andrea Campbell is the Attorney General of Massachusetts. She is sued in her individual capacity only to the extent she personally participated in actionable conduct and in her official capacity only for prospective relief permitted by law.
21. Defendant Geoffrey D. Noble is the Colonel-Superintendent of the Massachusetts State Police. He is sued in his individual capacity to the extent he personally participated in, directed, knowingly permitted, or was deliberately indifferent to actionable conduct, and in his official capacity for prospective relief. Massachusetts identified Noble as the successor Colonel of the Massachusetts State Police.
22. Defendant Massachusetts State Police is named with respect to claims and remedies for which it is legally subject to suit.

23. Defendant Massachusetts State Police Cyber Crime Unit is identified as the specialized unit responsible for cyber investigations and digital-forensic support. Massachusetts describes the unit as conducting investigations involving computer intrusions, data theft, online identity theft, and unlawful access to computer systems and networks.
24. Defendant Massachusetts Department of Conservation and Recreation is named with respect to claims and remedies legally available against the agency.
25. Defendant Director of the Massachusetts Department of Conservation and Recreation is sued in the official capacity for prospective relief and, if discovery establishes personal participation, in the individual capacity as permitted by law.
26. Defendant John/Jane Doe, the responsible supervisor or manager for Alewife Brook Reservation/Alewife Woods, is presently unknown.
27. Doe Defendants 1–25 include persons whose identities, job titles, electronic accounts, roles, and responsibilities are presently unknown.
28. Plaintiff will amend this Complaint pursuant to Fed. R. Civ. P. 15 when discovery identifies additional responsible persons.

## V. FACTUAL ALLEGATIONS

29. Plaintiff maintains electronic accounts used for personal, religious, educational, professional, outreach, civil-rights, and litigation purposes.
30. One such account historically associated with Plaintiff and/or House of Mercy Ministries was the email account [INSERT ACCOUNT].
31. Plaintiff subsequently determined that the account should no longer be used as the principal House of Mercy Ministries account.
32. Plaintiff presently uses or intends to use the following principal ministry address:

houseofmercyminteries@protonmail.com

33. Plaintiff alleges that the prior account and/or associated electronic environment was compromised on or about [DATE].
34. The precise method of compromise is presently unknown.
35. Possible mechanisms include, without limitation, credential compromise, phishing, unauthorized login, session hijacking, password reset abuse, malicious forwarding rules, unauthorized recovery-email modification, unauthorized device registration, malware, unauthorized administrative access, interception, or other unlawful access.
36. Plaintiff does not presently allege that any particular Defendant personally executed the initial intrusion unless and until competent evidence establishes that fact.
37. Plaintiff does allege that after the incident became known or reasonably discoverable, governmental actors had duties and responsibilities concerning evidence preservation, investigation, response, and/or the protection of information.
38. Plaintiff notified [AGENCY/DEFENDANT] of the suspected compromise on or about [DATE].
39. Plaintiff provided notice through [EMAIL/PHONE/PUBLIC RECORDS REQUEST/POLICE REPORT/OTHER].

40. Plaintiff provided information reasonably sufficient to place the recipient on notice that the incident involved potential unauthorized access to Plaintiff's electronic information.
41. Plaintiff requested that relevant electronic evidence be preserved.
42. Plaintiff requested or reasonably expected investigation of the alleged cyber incident.
43. Plaintiff further requested information concerning whether any governmental computer system, account, database, device, investigative file, or law-enforcement platform had been accessed, compromised, queried, or otherwise involved.
44. Plaintiff alleges that Defendants possessed or had access to information materially relevant to the incident.
45. Plaintiff alleges that certain Defendants failed to provide an adequate response.
46. Plaintiff alleges that certain Defendants failed to preserve relevant electronic evidence.
47. Plaintiff alleges that relevant evidence may include:

a. authentication logs;

b. IP logs;

c. VPN logs;

d. Microsoft/Google/Apple/Proton or other provider logs;

e. password-reset records;

f. account-recovery records;

g. MFA records;

h. device-registration records;

i. endpoint-security logs;

j. firewall logs;

k. SIEM records;

l. EDR records;

m. email-routing and forwarding records;

n. law-enforcement database access logs;

o. CAD records;

p. RMS records;

q. investigative reports;

r. digital-forensic images;

s. chain-of-custody records;

t. communications among governmental personnel concerning Plaintiff;

u. communications concerning House of Mercy Ministries;

v. communications concerning Plaintiff's litigation;

w. communications concerning Plaintiff's civil-rights activities; and

x. records concerning any investigation of the alleged cyber incident.

48. Plaintiff alleges that the relevant evidence is largely controlled by Defendants or third-party custodians and cannot presently be obtained without discovery.
49. Plaintiff therefore pleads information concerning the precise technical pathway of the intrusion on information and belief pending forensic discovery.
50. Plaintiff alleges that the incident affected the confidentiality, integrity, and/or availability of electronic information.
51. Massachusetts itself recognizes unauthorized access to systems or data, personal-information breaches, and unauthorized use of computer systems as cybersecurity incidents requiring appropriate reporting and response.
52. Massachusetts also maintains procedures for reporting data breaches to the Attorney General's Office, including disclosure of the nature of the breach, the information compromised, steps taken in response, and whether law enforcement is investigating.
53. Plaintiff alleges that the government's response to his incident was materially deficient because [INSERT SPECIFIC FACTS]. See Note Discovery
54. Plaintiff alleges that governmental actors possessed information concerning Plaintiff that Plaintiff reasonably expected to remain private.
55. Plaintiff alleges that governmental actors accessed, used, disclosed, transferred, retained, or otherwise exploited such information without constitutionally adequate legal process, to the extent the evidence establishes those facts.
56. Plaintiff alleges that the conduct was particularly serious because the information was connected to his religious ministry, civil-rights advocacy, litigation, education, communications, and personal affairs.
57. Plaintiff alleges that governmental knowledge of his communications and activities was subsequently used in a manner that chilled or interfered with his exercise of protected rights.
58. Plaintiff alleges that the conduct affected his ability to communicate freely with attorneys, courts, governmental agencies, educational institutions, ministry personnel, clients, witnesses, advocates, and members of the public.
59. Plaintiff alleges that the conduct also created risks involving identity theft, account takeover, loss of confidential communications, litigation strategy, attorney

communications, personal information, financial information, ministry records, and evidentiary material.

60. Plaintiff alleges that the compromised electronic environment contained information relevant to his pending and contemplated civil-rights litigation.
61. Plaintiff alleges that unauthorized access to litigation-related material created a substantial risk of interference with his right of access to the courts.
62. Plaintiff further alleges that he engaged in protected speech concerning homelessness, government accountability, civil rights, policing, encampment enforcement, public records, and governmental conduct.
63. Plaintiff alleges that Defendants knew or should have known of those activities.
64. Plaintiff alleges that governmental action following the compromise had the effect of burdening, chilling, retaliating against, or interfering with those protected activities.
65. Plaintiff alleges that the challenged conduct was not narrowly tailored to a legitimate governmental interest and, where a First Amendment right is implicated, was undertaken without constitutionally sufficient justification.
66. Plaintiff alleges that governmental access to his electronic information constituted an unreasonable search and/or seizure where conducted without a valid warrant, subpoena, consent, exigent circumstance, or other lawful basis.
67. Plaintiff further alleges that any continuing retention, examination, dissemination, or use of improperly acquired information constitutes an ongoing constitutional injury.
68. Plaintiff alleges that Defendants had actual or constructive notice that electronic information concerning Plaintiff was potentially compromised or improperly accessed.
69. Despite that notice, Plaintiff alleges that Defendants failed to take reasonable corrective measures.
70. Plaintiff alleges that supervisory officials failed to implement, enforce, or adequately monitor policies reasonably designed to prevent unauthorized access, preserve evidence, investigate cyber incidents, and prevent retaliation or misuse of governmental information.
71. Where applicable, Plaintiff alleges a municipal/custom/policy theory against legally suable governmental entities and supervisory policymakers.
72. Plaintiff alleges that the challenged conduct was not an isolated accident but was facilitated by inadequate policies, practices, training, supervision, auditing, or disciplinary mechanisms.
73. Plaintiff alleges that discovery will establish whether other persons experienced comparable treatment.
74. Plaintiff further alleges that the relevant agencies maintained records capable of establishing whether Plaintiff's information was accessed by government personnel.
75. Plaintiff requests immediate preservation of those records.

## VI. FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 — FIRST AMENDMENT

76. Plaintiff incorporates paragraphs 1–75.

77. Plaintiff possessed rights under the First Amendment to engage in speech, religious exercise, association, petitioning of government, journalism/advocacy, civil-rights activity, and litigation.
78. Plaintiff's ministry, outreach, civil-rights advocacy, public-records activity, and litigation constitute protected activity to the extent established by the facts.
79. Defendants knew or reasonably should have known that Plaintiff engaged in protected activity.
80. Plaintiff alleges that Defendants intentionally or recklessly interfered with, burdened, chilled, surveilled, retaliated against, or otherwise impaired Plaintiff's protected activity.
81. Plaintiff alleges that the challenged conduct would deter a person of ordinary firmness from continuing to exercise protected rights.
82. Plaintiff has suffered actual injury, including [INSERT DAMAGES], emotional distress, loss of privacy, interference with communications, impairment of ministry operations, impairment of litigation activity, and other damages to be established.
83. Defendants' conduct violated the First Amendment.
84. Plaintiff seeks damages against individual defendants to the extent permitted by law and prospective injunctive and declaratory relief against appropriate officials.

## VII. SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 — FOURTH AMENDMENT

85. Plaintiff incorporates paragraphs 1–75.
86. Plaintiff possessed a constitutionally protected privacy interest in private electronic communications, accounts, devices, files, and information.
87. Plaintiff alleges that Defendants, directly or through agents, accessed, acquired, searched, seized, examined, retained, or used Plaintiff's electronic information without lawful authority.
88. Plaintiff alleges that the intrusion was unreasonable.
89. Plaintiff alleges that where a warrant or other legal process was required, Defendants failed to obtain constitutionally sufficient process.
90. Plaintiff alleges that any warrant or process relied upon by Defendants was [NONEXISTENT/OVERBROAD/DEFECTIVE/UNRELATED/OTHER — INSERT ONLY IF TRUE].
91. Plaintiff alleges that the governmental conduct caused actual injury and continuing harm.
92. Defendants violated Plaintiff's rights under the Fourth Amendment.

## VIII. THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 — FOURTEENTH AMENDMENT DUE PROCESS

93. Plaintiff incorporates paragraphs 1–75.
94. Plaintiff possessed protected liberty and property interests in his electronic accounts, digital property, confidential communications, ministry records, personal information, and litigation materials.
95. Defendants deprived Plaintiff of or substantially interfered with those interests.

96. Plaintiff alleges that he was not provided constitutionally adequate notice and opportunity to be heard before or after the deprivation, where such process was required.
97. Plaintiff alleges that available procedures were inadequate or were not meaningfully provided.
98. Plaintiff suffered loss of property, privacy, access, communications, and other legally protected interests.
99. Defendants violated the Due Process Clause.

IX. FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 — EQUAL PROTECTION

100. Plaintiff incorporates paragraphs 1–75.
101. Plaintiff alleges that Defendants treated him differently from similarly situated persons or intentionally subjected him to adverse governmental action because of [INSERT FACTUAL BASIS FOR CLASS/PROTECTED STATUS OR SELECTIVE TREATMENT].
102. Plaintiff alleges that the differential treatment was intentional.
103. Plaintiff alleges that the challenged conduct lacked a rational and/or constitutionally permissible basis, as applicable to the theory established through discovery.
104. Defendants violated Plaintiff's rights under the Fourteenth Amendment.

X. FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 — SUPERVISORY LIABILITY

105. Plaintiff incorporates paragraphs 1–75.
106. The supervisory defendants possessed responsibility for policies, training, supervision, auditing, discipline, cybersecurity response, evidence preservation, and/or investigation.
107. Plaintiff alleges that the supervisory defendants had actual or constructive notice of conduct creating a substantial risk of constitutional injury.
108. Plaintiff alleges that the supervisory defendants failed to take reasonable corrective action.
109. Plaintiff alleges that the failures were causally connected to Plaintiff's injuries.
110. Plaintiff seeks relief only to the extent the evidence establishes each individual defendant's personal involvement or supervisory liability recognized by controlling law.

XI. SIXTH CAUSE OF ACTION
42 U.S.C. §§ 1985 AND 1986 — CONSPIRACY / FAILURE TO PREVENT CONSTITUTIONAL DEPRIVATION

111. Plaintiff incorporates paragraphs 1–75.
112. Plaintiff pleads this count in the alternative.
113. Plaintiff alleges that two or more persons, acting under color of state law and/or in concert with one another, reached an agreement or understanding to accomplish an

unlawful objective or knowingly participated in conduct designed to deprive Plaintiff of federally protected rights.

114. The precise agreement is presently unknown because relevant communications and records are controlled by Defendants.

115. Plaintiff alleges that discovery will establish the participants, dates, communications, and overt acts.

116. Plaintiff alleges overt acts including [INSERT SPECIFIC ACTS].

117. Plaintiff alleges that Defendants who had knowledge of the alleged conspiracy and constitutional danger failed to take reasonable steps to prevent or remedy the deprivation.

118. Plaintiff pleads this claim subject to the statutory and judicial limitations governing §§ 1985 and 1986.

## XII. SEVENTH CAUSE OF ACTION
## FEDERAL COMPUTER AND ELECTRONIC COMMUNICATIONS CLAIMS

119. Plaintiff incorporates paragraphs 1–75.

120. Plaintiff pleads federal computer-access and electronic-communications causes of action to the extent the evidence establishes all statutory elements and a private right of action.

121. Plaintiff alleges that one or more persons intentionally accessed a protected computer without authorization or exceeded authorized access and thereby caused damage or loss.

122. Plaintiff alleges that one or more persons intentionally accessed, intercepted, obtained, altered, or used electronic communications without lawful authority.

123. Plaintiff alleges damages and/or losses exceeding applicable statutory thresholds to the extent proven.

124. Plaintiff reserves the right to amend this count after forensic discovery identifies the technical mechanism of the intrusion, responsible actors, dates, devices, IP addresses, and resulting loss.

125. Plaintiff specifically requests leave to amend if discovery establishes claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. § 2701 et seq., the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., or another applicable federal statute.

## XIII. EIGHTH CAUSE OF ACTION
## MASSACHUSETTS LAW — TO THE EXTENT NOT BARRED BY IMMUNITY

126. Plaintiff incorporates paragraphs 1–75.

127. Plaintiff pleads applicable Massachusetts common-law and statutory causes of action only to the extent legally available after consideration of the Massachusetts Tort Claims Act, notice requirements, sovereign immunity, discretionary-function immunity, and any other applicable statutory defense.

128. Such claims may include negligence, negligent handling of protected information, invasion of privacy, trespass to chattels, conversion, intentional interference, and other claims established by discovery.
129. Plaintiff does not concede that any defendant possesses immunity for conduct outside the scope of lawful governmental authority or for conduct otherwise actionable under applicable law.

XIV. MONELL / POLICY AND CUSTOM ALLEGATIONS
TO THE EXTENT APPLICABLE

130. Plaintiff incorporates paragraphs 1–75.
131. Plaintiff alleges that the constitutional injuries resulted from policies, customs, practices, inadequate training, inadequate supervision, inadequate auditing, inadequate cybersecurity controls, inadequate evidence preservation, or deliberate indifference attributable to a legally suable governmental entity or policymaker.
132. Plaintiff alleges that policymakers had notice of risks associated with unauthorized access to electronic information.
133. Plaintiff alleges that reasonable cybersecurity, evidence-preservation, access-control, audit, and incident-response measures were available.
134. Plaintiff alleges that Defendants failed to implement or enforce such measures.
135. Plaintiff alleges that the failure was sufficiently persistent, obvious, or deliberate to constitute actionable governmental policy or custom where applicable.
136. Plaintiff will identify the responsible policymaker and specific policy or custom through discovery.

XV. FIRST AMENDMENT ACCESS-TO-COURTS ALLEGATIONS

137. Plaintiff incorporates paragraphs 1–75.
138. Plaintiff has engaged in federal and state litigation concerning civil rights, governmental conduct, public records, policing, homelessness, encampment enforcement, and related matters.
139. Electronic files and communications associated with that litigation constitute important legal and evidentiary material.
140. Plaintiff alleges that compromise, loss, alteration, disclosure, destruction, or governmental misuse of litigation materials interfered with his meaningful access to the courts.
141. Plaintiff alleges that any intentional interference with litigation materials was objectively unreasonable and constitutionally impermissible.
142. Plaintiff seeks restoration, preservation, protection, and where appropriate monetary compensation for such injury.

XVI. CONTINUING VIOLATION

143. Plaintiff alleges that the constitutional injury is continuing to the extent Defendants retain, possess, access, disclose, disseminate, use, or fail to secure information obtained through the alleged compromise.

144. Plaintiff therefore seeks prospective relief requiring appropriate defendants to cease unauthorized access and preserve relevant evidence.

## XVII. PRESERVATION OF ELECTRONIC EVIDENCE

145. Plaintiff requests that Defendants immediately preserve all potentially relevant electronic and physical evidence.

146. Preservation shall include, without limitation:

a. email;

b. text messages;

c. Teams/Slack/other messaging;

d. call records;

e. CAD;

f. RMS;

g. body-camera records;

h. access-control logs;

i. VPN logs;

j. authentication logs;

k. IP logs;

l. endpoint logs;

m. firewall logs;

n. DNS logs;

o. SIEM logs;

p. EDR records;

q. cloud logs;

r. account-recovery records;

s. password-reset records;

t. MFA records;

u. device-registration records;

v. forensic images;

w. search warrants;

x. subpoenas;

y. preservation requests;

z. communications with internet-service providers;

aa. communications with federal law enforcement;

ab. communications with state and local law enforcement;

ac. communications with DCR;

ad. communications concerning Plaintiff;

ae. communications concerning House of Mercy Ministries;

af. communications concerning the alleged cyber incident;

ag. records concerning access to Plaintiff's electronic information; and

ah. all metadata associated with the foregoing.

147. Plaintiff requests that Defendants preserve such evidence in native format where available and maintain the original metadata and chain of custody.

XVIII. INJURY AND DAMAGES

148. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages.

149. Damages include, as applicable:

a. loss of electronic property;

b. loss of access to accounts;

c. loss or corruption of files;

d. loss of confidential communications;

e. compromised personal information;

f. compromised ministry information;

g. compromised litigation information;

h. costs of cybersecurity remediation;

i. forensic costs;

j. replacement equipment;

k. loss of productive time;

l. interruption of ministry operations;

m. impairment of educational activities;

n. reputational injury;

o. emotional distress;

p. loss of privacy;

q. litigation-related harm;

r. economic losses; and

s. other damages to be established through discovery.

150. Plaintiff presently estimates compensatory damages at $ 100,000, subject to amendment after discovery.

151. Plaintiff seeks nominal damages where constitutional injury is established but compensatory damages cannot be fully quantified.

152. Plaintiff seeks punitive damages against individual defendants only to the extent authorized by law and supported by evidence of malicious, oppressive, or recklessly indifferent conduct.

## XIX. DECLARATORY RELIEF

153. An actual controversy exists concerning the legality of Defendants' conduct.

154. Plaintiff seeks a declaration that Defendants may not access, retain, disclose, use, or disseminate Plaintiff's protected electronic information without lawful authority.

155. Plaintiff seeks a declaration concerning the constitutional adequacy of Defendants' policies and conduct as established through discovery.

## XX. INJUNCTIVE RELIEF

156. Plaintiff requests preliminary and permanent injunctive relief as appropriate.
157. Plaintiff requests an order prohibiting unauthorized access to Plaintiff's electronic accounts and information.
158. Plaintiff requests an order requiring appropriate defendants to preserve relevant electronic evidence.
159. Plaintiff requests an order requiring appropriate defendants to identify governmental systems and databases in which Plaintiff's information has been stored, accessed, searched, copied, transferred, or disseminated.
160. Plaintiff requests an order requiring appropriate defendants to cease any continuing unlawful use or dissemination of Plaintiff's information.
161. Plaintiff requests such additional narrowly tailored relief as the Court finds necessary to prevent continuing constitutional injury.

XXI. ATTORNEYS' FEES AND COSTS

162. Plaintiff seeks costs and reasonable attorneys' fees under 42 U.S.C. § 1988 to the extent permitted by law.
163. If Plaintiff proceeds pro se, Plaintiff understands that § 1988 does not ordinarily provide a pro se litigant with an attorney-fee award simply for prevailing. Plaintiff nevertheless seeks all costs and other relief legally available to a self-represented litigant.

XXII. JURY DEMAND

164. Plaintiff demands a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Enter judgment declaring the constitutional rights described herein;

C. Declare unlawful any unauthorized governmental access, search, seizure, retention, disclosure, or use of Plaintiff's protected electronic information;

D. Enter preliminary and permanent injunctive relief where legally appropriate;

E. Order preservation of all relevant electronic and physical evidence;

F. Require appropriate defendants to identify and preserve records concerning access to Plaintiff's accounts and information;

G. Award compensatory damages in an amount proven at trial;

H. Award nominal damages where appropriate;

I. Award punitive damages against individual defendants where authorized by law;

J. Award costs and other recoverable litigation expenses;

K. Award attorneys' fees where legally available;

L. Grant leave to amend after discovery identifies Doe defendants and the technical facts surrounding the alleged compromise;

M. Grant such additional relief as the Court considers just and equitable; and

N. Grant a jury trial on all triable issues.

XXIII. DEMAND FOR PRESERVATION AND FORENSIC DISCOVERY

Plaintiff specifically requests discovery concerning:

1. Every login to Plaintiff's identified accounts from [DATE] through [DATE];
2. Every IP address associated with such logins;
3. Every password reset;
4. Every MFA enrollment or modification;
5. Every recovery-email or telephone-number modification;
6. Every device added to the accounts;
7. Every forwarding rule;
8. Every OAuth/API authorization;
9. Every governmental database query concerning Plaintiff;
10. Every governmental employee account that accessed Plaintiff-related information;
11. Every search warrant or subpoena concerning Plaintiff's electronic information;
12. Every preservation request sent to third-party providers;
13. Every communication between MSP, MDAO, AGO, DCR, local police, and other agencies concerning Plaintiff;
14. Every cyber incident report;
15. Every forensic report;
16. Every chain-of-custody record;
17. Every internal investigation;
18. Every disciplinary or supervisory review;
19. Every policy governing cyber incidents involving public officials or members of the public;
20. Every policy governing access to law-enforcement databases;
21. Every audit concerning unauthorized database access;
22. Every record concerning Plaintiff's civil-rights activities;
23. Every record concerning House of Mercy Ministries;
24. Every record concerning Plaintiff's litigation; and
25. Every record concerning the alleged compromise.

Plaintiff further requests leave to conduct narrowly tailored forensic discovery, subject to the Court's supervision and appropriate privacy safeguards.

DATED: ____________________, 2026.

Respectfully submitted,

REVEREND ZACHARIAH TRINGALI
Plaintiff, Pro Se

House of Mercy Ministries
Outreach Director

362 Green Street
Cambridge, Massachusetts 02139

Email: houseofmercyminteries@protonmail.com

Telephone: 603-661-9745

CERTIFICATE OF SERVICE

I certify that, upon issuance of summons and completion of service, a true and correct copy of this Complaint and all required attachments will be served upon each defendant in accordance with the Federal Rules of Civil Procedure and any applicable statutory requirements.

DATED: 10/20, 2026.

______________________________

REVEREND ZACHARIAH TRINGALI
Plaintiff, Pro Se

x [signature]