UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-14750-RGS

REVERAND ZACHARIAH TRINGALI

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

# ORDER

November 9, 2025

STEARNS, D.J.

*Pro se* litigant Zachariah Tringali has filed a complaint against the Commonwealth of Massachusetts, the Middlesex County District Attorney, the Attorney General of the Commonwealth, the Massachusetts State Police, the Massachusetts Department of Conservation and Recreation, and other individuals, characterizing this action as one "arising from an alleged unauthorized compromise, intrusion, takeover, interference with, or unlawful access to Plaintiff's electronic accounts, communications, files, devices, credentials, and/or electronically stored information." Dkt #1 ¶ 1.

Upon review of Tringali's complaint and other filings, the court concludes that it must dismiss this action to avoid interference with a pending state criminal prosecution against him.

## I. BACKGROUND

The thrust of Tringali's filings is that he is being prosecuted in state court for an offense that involves electronic evidence belonging to him that was allegedly wrongfully accessed by the government, not adequately examined for possible compromise by a third party, or possibly not accurately preserved. In Tringali asks that the defendants be required to "immediately preserve all potentially relevant electronic and physical evidence," "in native format were available and maintain the original metadata and chain of custody." Compl. ¶¶ 146-147.[1] Tringali also seeks, *inter alia* "a declaration concerning the constitutional adequacy of Defendants' policies and conduct as established through discovery," "an order requiring appropriate defendants to preserve relevant electronic evidence," and "an order requiring appropriate defendant to cease any continuing unlawful use or dissemination of Plaintiff's information." *Id.* ¶¶ 155, 158, 160.

Similarly, in his "Emergency motion for Preservation of Electronic and Physical Evidence, Temporary Restraining Order, and Preliminary

---

[1] The court takes judicial notice of the online docket of *Commonwealth v. Tringali*, 2652CR001426 (Cambridge Dist. Ct., Mass.), which is available to the public through https://www.masscourts.org (last visited Nov. 9, 2026).

Injunction," Tringali asks this court "for an order requiring immediate preservation of evidence relating to Plaintiff, the alleged cyber compromise, the alleged false arrest, the allegedly false or fabricated evidence, and the government investigation conducted primarily during September 2 through September 9, 2026." Dkt #3 at 1. Tringali states that he "disputes the accuracy and authenticity of material portions of the evidence relied upon against him," *id.* ¶ 13, and he identifies thirty-six categories of electronic evidence allegedly at risk of being false or otherwise unreliable, *id.* ¶ 16.

In his "Formal Notice of Governmental Responsibility," Tringali states to this court that the document concerns "allegations of unauthorized access to, or misuse of, an electronic account associated with him; an ensuing criminal investigation concerning an alleged email threat; and the circumstances surrounding his arrest, detention, and prosecution." Dkt# 6 at 1. Tringali states that the Notice "seeks to identify the legal responsibilities applicable to governmental actors involved in the investigation, evidence, preservation, warrant process, detention, and prosecution." *Id.*

## II. DISCUSSION

Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), federal courts are generally precluded "from intervening in ongoing state criminal prosecutions," *Trump v. Vance*, 591 U.S. 786, 793

(2020). "The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger*, 401 U.S. at 46). "[T]he policy against federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Id.* (quoting *Younger*, 401 U.S. at 44).

Here, adjudicating Tringali's claims and providing the relief he seeks would improperly interfere with the pending state criminal prosecution against him, and none of the narrow exceptions to *Younger* abstention, *see Sivra Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015), are present. Therefore, the court will dismiss this action without prejudice based on *Younger* abstention.

**ORDER**

In accordance with the foregoing:

1. This action is DISMISSED without prejudice based on *Younger* abstention.

2. All motions are DENIED as moot.

**SO ORDERED.**

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE